In re the Petition for DISCIPLINARY ACTION AGAINST Claude M. LOEWENTHAL, an Attorney at Law of the State of Minnesota.

No. C8–91–386.

Supreme Court of Minnesota.

July 10, 1991.

---

### ORDER

On March 6, 1991, the Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Claude M. Loewenthal has committed professional misconduct warranting public discipline. Subsequently, on April 18, 1991, the Director filed a supplementary petition with this court alleging additional misconduct on the part of respondent. In the petition and supplementary petition, the Director alleges that respondent failed to keep books and records as required by Lawyers Professional Responsibility Board Opinion No. 9; that respondent's trust account was not a proper interest bearing trust account under IOLTA regulations; that, for the period January 1990 through January 1991, there were

substantial shortages in respondent's trust account; that these shortages exceeded $40,000 in one month and averaged over $22,000; that similar shortages existed in respondent's trust account throughout most of 1987 and 1988; that these shortages were the result of respondent's misappropriation of client funds for his own use; that respondent failed to pay social security payroll taxes for several employees for several years; and that although respondent has made substantial payments on the past due taxes, the unpaid balance continues to be substantial.

After the petitions had been filed, respondent filed a consent to disbarment with this court. In the consent, the respondent waived all of his procedural rights to contest the petition and supplementary petition. Respondent also withdrew his previously submitted answers and unconditionally admitted all of the allegations of the petition and supplementary petition. Upon the advice of counsel, respondent consented to his immediate disbarment from the practice of law and further agreed to the imposition and payment of $750 in costs as well as reasonable disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

After respondent submitted his consent to disbarment, the Director filed a second supplementary petition for disciplinary action against respondent in which the Director alleges that respondent committed bank fraud and fraud regarding tax statements. Respondent has not responded to the allegations of the second supplementary petition and, because of respondent's consent to disbarment, this court does not expect respondent to do so. However, if and when respondent seeks reinstatement to the practice of law, respondent shall address the allegations of this second supplementary petition, particularly with regard to whether the bank involved suffered any harm and, if so, whether such harm has been rectified.

The court, having considered all of the facts and circumstances surrounding this matter, the petition and supplementary petition of the Director, and the respondent's consent to disbarment, NOW ORDERS:

1. That the respondent, Claude M. Loewenthal, hereby is disbarred, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That, if and when respondent seeks reinstatement in the future, respondent shall address, among other things, the allegations in the second supplementary petition filed against him.

3. That the respondent shall pay to the Director the sum of $750 in costs, as well as reasonable disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.